**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES LAWRENCE, MARILYN MELLIES, <br><br> Plaintiffs, <br><br> v. <br><br> CENLAR F.S.B., CITIBANK, N.A., and DOES 1 through 10, <br><br> Defendants. | Case No. 1:22-cv-01627 JLT CDB <br><br> ORDER GRANTING CITIBANK'S MOTION TO DISMISS <br><br> (Doc. 37.) |

## I.    INTRODUCTION

Before the Court is Defendant Citibank, N.A.'s ("Citibank's") motion to dismiss. (Doc. 37.) For the reasons set forth below, the Court grants the motion.

## II.    BACKGROUND

In August 2007, Plaintiffs obtained a mortgage loan on the real property located at 1039 W. Beston Ave., Ridgecrest, CA 93555 for $100,000 by deed of trust from Citibank. (Doc. 35, ¶ 10.) On May 5, 2022, Defendants recorded a notice of default and election to sell under a deed of trust. (Doc. 35, ¶ 11.) A notice of trustee's sale was recorded on August 3, 2022. (Doc. 35, ¶ 12.) Plaintiffs contend the property was unlawfully sold on September 7, 2022. (Doc. 35, ¶ 12.) The Court previously granted in part and denied in part motions to dismiss Plaintiffs' complaint. (Doc. 34.) Plaintiffs filed their first amended complaint (FAC), (Doc. 35), and this

1

motion to dismiss followed.[1]

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro*, 250 F.3d at 732.

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments,

---

[1] Plaintiffs filed an untimely opposition to the motion to dismiss, citing that "the deadline to file this opposition was inadvertently missed by the calendaring clerk." (Doc. 41 at 2.) Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." To assess whether neglect is excusable, courts must consider four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Court finds no factors weighing against consideration of the untimely opposition, and as such, has considered it.

undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## IV.   DISCUSSION

In the FAC, Plaintiffs allege four causes of action: (1) a violation of the California Homeowner Bill of Rights (HBOR) under California Civil Code § 2924.9; (2) wrongful foreclosure; (3) a violation of California's Unfair Competition Law under California Business and Professions Code § 17200; and (4) cancellation of instruments.  Citibank seeks to dismiss the fourth claim, the only claim alleged against Citibank.[2]  (Doc. 37.)

### A.   Count Four: Cancellation of Instruments

Plaintiffs seek cancellation of the recorded notice of default, notice of trustee's sale, and trustee's deed upon sale.  (Doc. 35, ¶ 55.)  Under California Civil Code § 3412, a court may order the cancellation of a written instrument if "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable."  To obtain cancellation of an instrument, a plaintiff "must show that he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable." *Zendejas v. GMAC Wholesale Mortg. Corp.*, No. 1:10-CV-0184-OWW-GSA, 2010 WL 2629899, at *7 (E.D. Cal. June 29, 2010).  A plaintiff must allege "facts, 'not mere conclusions, showing the apparent validity of the instrument designated, and point out the reason for asserting that it is actually invalid.'" *Santana v. BSI Fin. Servs., Inc.*, 495 F. Supp. 3d 926, 950 (S.D. Cal. 2020) (quoting *Ephraim v. Metro Tr. Co. of Cal.*, 28 Cal. 2d 824, 833 (1946)).  "Cancellation of an instrument is essentially a request for rescission of the instrument." *Deutsche Bank Nat'l Tr. Co. v. Pyle*, 13 Cal. App. 5th 513, 523 (2017).

Both Cenlar and Citibank moved to dismiss the cancellation of instruments claim as alleged in the original complaint.  (Doc. 10 at 24–25; Doc. 13 at 16–17.)  The Court granted those motions, because Plaintiffs failed to allege "how the instruments are 'voidable or void ab initio' and would cause 'serious injury' if not canceled."  (Doc. 34 at 16–17.)  In the FAC, Plaintiffs

---

[2] Citibank additionally requests the Court take judicial notice of the substitution of trustee.  (Doc. 38.)  Because this instrument is not material to Citibank's motion to dismiss, the Court declines to take judicial notice.

1 once again advance a cancellation of instruments claim.[3] (Doc. 35, ¶ 56.) Cenlar has not moved
2 to dismiss any claim in the FAC, but Citibank reiterates its original arguments in favor of
3 dismissal of the cancellation of instruments claim, pointing out that the language of the
4 allegations has not materially changed. (Doc. 37 at 6–8.)

5 The cause of action again alleges in a conclusory fashion that the notice of default, notice
6 of trustee's sale, and trustee's deed upon sale are "voidable or void ab initio." (Doc. 35, ¶ 56.)
7 Because that claim also incorporates by reference all the preceding paragraphs of the FAC, the
8 Court has examined the entire pleading to determine whether Plaintiffs have alleged "facts not
9 mere conclusions" to suggest the challenged instruments are "actually invalid." *See Santana*, 495
10 F. Supp. 3d at 950. The only allegations that come close to meeting this standard are contained in
11 the HBOR § 2924.9 claim against Cenlar, which alleges: "Plaintiff[s] had not been provided
12 alternatives to foreclosure after the [notice of default] was recorded." (Doc. 35, ¶ 25.) Plaintiffs
13 aver that because they "were not contacted prior to the initiation of foreclosure proceedings on the
14 subject property to review the financial information of Plaintiff[s] and to discuss alternatives to
15 foreclosure," the notice of default and "any acts based on the NOD/Notice of Sale taken thereafter
16 are invalid and void." (*Id.*, ¶¶ 30–31.) Furthermore, Plaintiffs allege that they will be injured if
17 the instruments are not cancelled, because Plaintiffs have suffered a "loss of the equity in the
18 value of the Subject Property." (Doc. 35, ¶ 51.)

19 Plaintiffs' allegation that the instruments must be cancelled because of the alleged §
20 2924.9 violation is misplaced. The remedy for § 2924.9 is governed by § 2924.12, which states
21 that "[a]fter a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee,
22 beneficiary, or authorized agent shall be liable to a borrower for *actual economic*
23 *damages* . . . resulting from a material violation of section . . . 2924.9." Cal. Civ. Code
24 § 2924.12(b) (emphasis added); *see also Travis v. Amerihome Mortg. Co. LLC*, 2023 WL
25 8114520, at *5 (E.D. Cal. Nov. 22, 2023). Thus, because the exclusive remedy for a § 2924.9

---

[3] In their first amended complaint, Plaintiffs also allege violations of California Civil Code §§ 2923.5, 2924(a)(1), 2934a(a)(1), and 2924a(e). (Doc. 35, ¶ 56.) However, the Court has previously dismissed each of these alleged violations. (*See* Doc. 34.) Therefore, the Court only relies on the surviving § 2924.9 claim.

4

violation is actual economic damages, a § 2924.9 violation cannot form the basis for a finding that the written foreclosure instruments are void or voidable.

Plaintiffs have not provided any additional substantive allegations in the FAC to plausibly suggest that the instruments are void or voidable as required under § 3412. *See Zendejas*, 2010 WL 262899, at *7 (holding that merely indicating that the instruments were void or voidable without explaining why was insufficient for an allegation under § 3412). (*Compare* Doc. 1-2, ¶¶ 71–74 *with* Doc. 35, ¶¶ 54–57.) Plaintiffs again make mere conclusory allegations that the instruments are void or voidable without providing specific facts to support the invalidity of the instruments. Therefore, Citibank's motion to dismiss is **GRANTED**. Because Plaintiffs elected to merely reassert their prior pleading without amendment, the Court dismisses the cancellation of written instrument claim against Citibank with prejudice. *See Fordjour v. Southwall Technologies, Inc.*, 126 Fed. App'x 351, 352 (9th Cir. 2005) (holding that the district court properly dismissed claims with prejudice when the plaintiffs were provided with an opportunity to amend the pleadings but elected to not do so).

## CONCLUSION

For the reasons set forth above:

1. Defendant's motion to dismiss the fourth cause of action is **GRANTED**.

IT IS SO ORDERED.

Dated:   **December 6, 2024**

UNITED STATES DISTRICT JUDGE